IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICHARD DANIEL LACKIE                                                                          PLAINTIFF

v.                    Civil No. 3:24-cv-03030-TLB-MEF

LIEUTENANT DENNIS,
Baxter County Jail;
JUDGE JOHN PUTMAN,
Baxter County Court; and
PROSECUTING ATTORNEY DOE,
Baxter County                                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to prosecute this action.

### I.     DISCUSSION

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in the Eastern District of Arkansas. By Order entered on July 8, 2024, the case was transferred to this district. He proceeds *pro se* and submitted an *in forma pauperis* ("IFP") application. Plaintiff was incarcerated in the Baxter County Detention Center ("BCDC") at the time he filed his Complaint. (ECF No. 1 at 3). Upon review of the IFP application, the Court noted it did not contain a certificate of account regarding his inmate account at the BCDC. An Order was entered directing Plaintiff to submit the certificate of account by July 30, 2024. (ECF No. 8).

On July 19, 2024, the Court's Order was returned as undeliverable. (ECF No. 9). Upon

1

further review, it was determined the address of the BCDC had been entered incorrectly on the docket sheet.  (ECF No. 10).  For this reason, the Order was resent to the correct address and Plaintiff was given an extension of time until September 17, 2024, to return the certificate of account.  (ECF No. 11).  On September 9, 2024, mail was returned as undeliverable with a notation that Plaintiff was no longer an inmate at the BCDC.  (ECF No. 12).  The Court's practice is to set a 30-day deadline for parties to provide a new address.   Plaintiff had 30 days, or until October 9, 2024, to provide the Court with a new address.   To date, Plaintiff has not supplied the Court with a new address.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

## II.   CONCLUSION

For this reason, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**Status of the Referral:** The referral terminates upon the filing of this report and recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

DATED this 30th day of October 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE